■ BROWN BROS. ELECTRICAL CONTRACTORS, INC., Respondent, v BEAM CONSTRUCTION CORP. et al., Appellants.—Appeal from a judgment of the Supreme Court in favor of plaintiff, entered May 6, 1975 in Warren County, upon a decision of the court at a Trial Term without a jury. Beam Construction Corp. (hereinafter Beam) entered into a contract with the defendants some time prior to January 19, 1967 whereby Beam became the general contractor for a section of the Northway Shopping Plaza in Glens Falls owned by defendant Cale Development Co., Inc. (hereinafter Cale). On January 18, 1967 the plaintiff Brown Bros. Electrical Contractors, Inc., entered into a subcontract with Beam, whereby plaintiff was to perform certain electrical work. In June of 1967 a representative of the plaintiff and the defendants entered into an oral agreement, the contents of which were disputed at trial, whereby a check was issued by defendants to plaintiff and Beam as joint payees on July 26, 1967 pursuant to a billing by plaintiff made directly to defendants for work theretofore performed pursuant to the terms of the subcontract. Thereafter, the plaintiff submitted a further billing on August 31, 1967 to defendants for the balance of the work performed pursuant to the terms of the subcontract and defendants responded with a letter on September 7, 1967 which raised some question as to the balance due. Upon this appeal the defendants contend that (1) the letter cannot be construed as creating a new contract between Cale and Brown, but only as confirmation of a joint payee procedure; and (2) no enforceable obligation could be created because the work had been completed prior to the letter of September 7, 1967 and the said letter did not expressly recite that it was based upon past consideration. In addition, the dissenters herein contend that any subsequent agreement between plaintiff and Cale as to the subcontract would be unenforceable as a matter of law because it was solely for the purpose of inducing plaintiff to perform that which it was already legally obligated to Beam to perform. Both the defendants and the dissenters choose to ignore the testimony presented by

defendants which establishes that prior to the payment by defendants in July of 1963 Beam had abandoned the performance of the prime contract by leaving the job and defendants had recognized such abandonment. It is academic that in order to find a binding contract between plaintiff and Cale there must be consideration independent of the already existing subcontract. (See *De Cicco v Schweizer,* 221 NY 431, 434, 435.) In the present case it is obvious that the obligation of Beam to Cale was considered by Cale to have been breached prior to the billing submitted in August of 1967 and prior to the billing submitted in July of 1967. Cale was completing the construction and, accordingly, had moved from the position of a third-party beneficiary of the subcontract to the direct beneficiary. We find that the record establishes that between July 21, 1967 and August 31, 1967, the claimant performed work, labor and services which were not merely performance of the prior contract between plaintiff and Beam and that the letter of September 6, 1967 was confirmatory of a new contract between defendants and plaintiff, whereby plaintiff was to perform the work not yet performed for Beam prior to Beam's abandonment of the prime contract. It is also recognized in the September 6, 1967 letter and the billing of July of 1967 that plaintiff was to be paid for its services the total amount of the Beam contract less whatever payment it had received prior to July 26, 1967. The defendants rely upon an indorsement appearing on the July 26, 1967 check as evidentiary matters in their favor. That check is not properly before this court upon this appeal; however, if it were before us, it would not affect the above findings or the result reached. Judgment affirmed, with costs. Herlihy, P. J., Sweeney and Koreman, JJ., concur; Kane and Larkin, JJ., dissent and vote to reverse in the following memorandum by Kane, J.

Kane, J. (dissenting).—The trial court found that Cale's letter of September 7, 1967 constituted an agreement of guarantee in plaintiff's favor for the unpaid balance of its contract with Beam. The majority on this appeal, however, finds that it confirmed the existence of a new contract between the parties and then specifies the terms thereof in a fashion which permits affirmance of the judgment actually entered. In our opinion, neither theory supports an award for plaintiff on the facts revealed in this record. The crucial letter reads, in part, as follows: "I am confused * * * as to your billing of August 31, 1967. Upon receipt of the underwriters inspection certificates, we will forward you our check for payment of the balance." Of itself, the quoted language hardly suffices as an enforceable guarantee of payment, principally because there is no recital of consideration for such a promise (General Obligations Law, §§ 5-701, 5-1105). Nevertheless, the trial court employed what it found to have occurred during a June, 1967 meeting, characterized as a brief encounter between representatives of plaintiff and Cale, as a surrounding circumstance justifying its conclusion that the "balance" referred to in the September letter was the amount then remaining unpaid on plaintiff's original contract with Beam. Thus, it accepted plaintiff's version that Cale had assured payment as opposed to Cale's account that it had merely agreed to place plaintiff's name as joint payee on all future checks to Beam. Significantly, however, the trial court did not find that any new contract had been entered into at that meeting. On the other hand, the majority opinion makes new findings of fact. It states that as a result of that meeting a new contract arose between plaintiff and Cale whereby plaintiff would continue and perform whatever remained undone for which it would receive not merely the value of its services, as one might ordinarily expect with a "new" contract, but whatever it had not been paid by Beam before July 26, 1967. In short, the majority seeks to avoid the

problems attaching to the trial court's guarantee theory by finding a new contract. In the process, it accuses us of ignoring Cale's awareness of the fact that Beam had abandoned the project. The meeting at which this supposed agreement was reached took place in June. Plaintiff did not claim that Beam was then in breach of its contract or had failed to pay it any sums then owing; it merely asserted that it was apprehensive that Beam might default. The abandonment by Beam did not take place until July. Therefore, whatever Cale promised in June could not and was not demonstrated by plaintiff to have been for any valid independent consideration (*De Cicco v Schweizer*, 221 NY 431). Plaintiff's self-serving bills which it sent to Cale *after* Beam's abandonment were equally consistent with a joint-payee arrangement, a guarantee, a new contract, or, for that matter, merely represented an attempt to secure payment from some source. The evidence then, even if it permitted a finding that plaintiff furnished some consideration to Cale in June, would not suffice to support the present judgment on either theory. The judgment should be reversed, and the complaint dismissed.